# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CARL JOSEPH MINTER,

    Petitioner,                                   Case No. 5:07-CV-12138

v.                                          HONORABLE JOHN CORBETT O'MEARA
                                             UNITED STATES DISTRICT JUDGE

BLAINE LAFLER,

    Respondent,
_____/

## OPINION AND ORDER DENYING THE MOTION TO DISMISS AND COMPELLING ANSWER ADDRESSING MERITS OF THE PETITION.

Carl Joseph Minter, ("Petitioner"), presently confined at the West Shoreline Correctional Facility in Muskegon Heights, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for two counts of first-degree criminal sexual conduct, M.C.L.A. 750.520b(1)(b)(i); and one count of second-degree criminal sexual conduct, M.C.L.A. 750.520c(1)(b)(i). Respondent has filed an answer, which is construed as a motion to dismiss on the ground that petitioner has failed to exhaust all of his claims in the state courts. *See Davis v. Lafler,* No. 2008 WL 1808823, * 1 (E.D. Mich. April 21, 2008). Petitioner has not filed a reply to the state's answer. For the reasons stated below, the Court will deny respondent's motion to dismiss the petition on exhaustion grounds and will order that an answer addressing the merits of the petition be filed in this matter within thirty days of the Court's order. Respondent is also ordered to submit any additional Rule 5 materials that have not been submitted by that date.

1

## I. Background

Petitioner was convicted of the above offenses following a jury trial in the Macomb County Circuit Court.

On July 29, 2004, petitioner, through appellate counsel, filed a Brief on Appeal with the Court of Appeals, raising three issues:

> I. The evidence presented at trial was insufficient to convict [Petitioner] of both first and second degree criminal sexual conduct.
>
> II. The trial court's incomplete instruction regarding both first and second degree criminal sexual conduct is reversible error; and trial counsel's failure to object thereto amounts to ineffective assistance of counsel – thereby denying [Petitioner] a fair trial.
>
> III. Offense Variable Eleven (OV-11) of [Petitioner's] sentence information report was incorrectly scored requiring that [Petitioner] be re-sentenced.

On September 7, 2004, petitioner filed a motion for the Michigan Court of Appeals to accept his Supplemental Brief, also presented through counsel, in which petitioner raised the following additional claim:

> I. Offense Variable Thirteen (OV-13) of [Petitioner's] sentence information report was incorrectly scored requiring that [Petitioner] be re-sentenced.

On September 29, 2004, the Michigan Court of Appeals granted Petitioner's motion to file his Supplemental Brief. *People v. Minter,* No. 253684 (Mich.Ct.App. September 29, 2004).

On January 27, 2005, petitioner attempted to file a *pro per* motion to remand for an evidentiary hearing along with a supplemental brief on appeal, in which he attempted to raise additional ineffective assistance of counsel and prosecutorial misconduct claims.

The Michigan Court of Appeals returned the pleadings to petitioner. [1] On February 15, 2005, petitioner sent a letter to the Michigan Court of Appeals, in which he asked that the Michigan Court of Appeals accept his Standard 4 brief. [2] On February 17, 2005, the Michigan Court of Appeals sent a letter permitting petitioner to file his brief. [3]

On March 4, 2005, petitioner again filed the same *pro per* motion to remand and supplemental brief on appeal to the Michigan Court of Appeals. [4] The Michigan Court of Appeals subsequently denied the motion to remand. *People v. Minter,* No. 253684 (Mich.Ct.App. April 11, 2005). The Michigan Court of Appeals subsequently affirmed petitioner's conviction. *People v. Minter,* No. 253684 (Mich.Ct.App. June 21, 2005).

Petitioner subsequently filed a *pro per* application for leave to appeal with the Michigan Supreme Court, in which he raised all four of his claims that had previously been presented to the Michigan Court of Appeals by counsel as well as the claims that petitioner had attempted to raise in his Standard 4 supplemental brief. The Michigan Supreme Court issued an order reversing in part the Michigan Court of Appeals' decision, holding that the trial court had erred in assessing petitioner fifty points under Offense Variable 11 for penetrations that did not arise out of the particular sentencing offense. The Supreme Court remanded to the trial court for the limited purpose of re-sentencing

---

[1] *See* This Court's Dkt. # 7-10; *See also People v. Minter,* No. 253684, Dkt. # 37.

[2] *See People v. Minter,* No. 253684, Dkt. # 41.

[3] *Id.,* Dkt. # 42.

[4] *See* This Court's Dkt. # 7-10; *See also People v. Minter,* No. 253684, Dkt. # 43.

petitioner, but otherwise denied petitioner's application for leave to appeal. *People v. Minter,* 475 Mich. 865 (2006).

Petitioner now seeks habeas relief on the following grounds:

I. The evidence presented at trial was insufficient to convict the Petitioner in violation of the due process clause of the Fifth and Fourteenth Amendments.

II. The trial court's ambiguous instructions to the jury regarding first and second- degree criminal sexual conduct violated the due process clause of the Eighth and Fourteenth Amendments.

III. Petitioner's federal constitutional rights to the effective assistance of counsel were violated where, for numerous reasons set forth below, he was prejudiced by his lawyer's failure to perform at an objective standard of reasonable competence.

IV. Petitioner's federal constitutional rights to a fair and impartial trial were violated where, for numerous instances of prosecutorial misconduct, Petitioner was denied due process.

## II.  Discussion

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999).  Federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *See Pliler*

4

*v. Ford,* 542 U.S. 225, 230 (2004)(*citing Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)).

Respondent contends that all but one of petitioner's ineffective assistance of counsel claims and none of his prosecutorial misconduct claims were properly raised before the Michigan Court of Appeals on petitioner's direct appeal. This Court disagrees.

In the present case, petitioner attempted to raise his additional ineffective assistance of counsel and prosecutorial misconduct claims in his Standard 4 *pro per* supplemental brief. Standard 4 of Administrative Order 2004-6, 471 Mich. cii (2004), "explicitly provides that a *pro se* brief may be filed within 84 days of the filing of the brief by the appellant's counsel, and may be filed with accompanying motions." *Ware v. Harry,* 636 F. Supp. 2d 574, 594, n. 6 (E.D. Mich. 2008). Under Standard 4, the 84 day deadline may be extended only by the Michigan Court of Appeals "on counsel's motion, upon a showing of good cause for the failure to file a defendant's pleading within the 84-day deadline." See Michigan Supreme Court Administrative Order No.2004-6, Standard 4. [5]

In the present case, the Michigan Court of Appeals appears to have granted

---

[5] Standard 4 supersedes the old Standard 11 found in Administrative Order 1981-7 concerning the filing of *pro per* supplemental appeal briefs. The full text of Standard 4 of Administrative Order 2004-6 reads:"When a defendant insists that a particular claim or claims be raised on appeal against the advice of counsel, counsel shall inform the defendant of the right to present the claim or claims *in propria persona*. Defendant's filing shall consist of one brief filed with or without an appropriate accompanying motion. Counsel shall also provide such procedural advice and clerical assistance as may be required to conform the defendant's filing for acceptability to the court. The defendant's filing *in propria persona* must be received by the Court of Appeals within 84 days after the appellant's brief is filed by the attorney, but if the case is noticed for submission within that 84-day period, the filing must be received no later than 7 days before the date of submission, or within the 84-day period, whichever is earlier. The 84-day deadline may be extended only by the Court of Appeals on counsel's motion, upon a showing of good cause for the failure to file defendant's pleading within the 84-day deadline."

petitioner permission to file his Standard 4 *pro per* supplemental brief. A claim is fairly presented, for purposes of the exhaustion requirement, when it is presented at the first possible opportunity within "'one complete round' of the state's appellate review system." *Caver v. Straub*, 349 F. 3d 340, 346 (6th Cir. 2003). In determining fair presentation, "less stringent standards and active interpretation ... are afforded to the filings of pro se litigants." *Id*. at 347.

Moreover, the fact that a state court does not address the merits of a claim does not preclude a finding of exhaustion. *Rudolph v. Parke*, 856 F. 2d 738, 739 (6th Cir. 1988). Whether an exhaustion requirement has been satisfied cannot turn upon whether a state court chooses to ignore in its opinion a federal constitutional claim squarely raised in petitioner's brief in state court. *Smith v. Digmon*, 434 U.S. 332, 333 (1978).

Petitioner's attempt to raise these claims before the Michigan Court of Appeals in his Standard 4 supplemental brief was sufficient to present his claims to that court for the purposes of satisfying the exhaustion requirement. *See e.g. Cottenham v. Jamrog*, 248 Fed. Appx. 625, 633-34 (6th Cir. 2007). The Court concludes that petitioner attempted to fairly present his third and fourth claims to the Michigan appellate courts and has therefore satisfied the exhaustion requirement. The Court will therefore deny respondent's motion to dismiss the petition on exhaustion grounds.

The Court will therefore deny the motion to dismiss and order the respondent to file an answer that responds to the merits of petitioner's habeas claims within thirty days

of the Court's order. *See Erwin v. Elo*, 130 F. Supp. 2d 887, 890-91 (E.D. Mich. 2001); 28 U.S.C. § 2243. A habeas petitioner challenging the legality of his or her state custody is entitled to a reasonably prompt disposition of his or her habeas petition. *Ukawabutu v. Morton*, 997 F. Supp. 605, 610 (D.N.J. 1998).

The Court will also order respondent to file any Rule 5 materials that it has not already provided to this Court at the time that it files its answer. The habeas corpus rules require respondents to attach the relevant portions of the transcripts of the state court proceedings, if available, and the court may also order, on its own motion, or upon the petitioner's request, that further portions of the transcripts be furnished. *Griffin v. Rogers,* 308 F. 3d 647, 653 (6th Cir. 2002); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254. "When this information is required, it is the State's responsibility to provide it." *Griffin,* 308 F. 3d at 654.

Finally, the Court will give petitioner forty five days from the receipt of the respondent's answer to file a reply brief to the respondent's answer, if he so chooses. Rule 5(e) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 states that a habeas petitioner "may submit a reply to the respondent's answer or other pleading within a time fixed by the judge." *See Baysdell v. Howes,* 2005 WL 1838443, * 4 (E.D. Mich. August 1, 2005).

### III. ORDER

Accordingly, the Court **ORDERS** that respondent's motion to dismiss is **DENIED.**

The Court further **ORDERS** Respondent to submit an answer addressing the merits of petitioner's habeas claims and any Rule 5 materials which have not already been provided to the Court within **THIRTY DAYS** of the date of this order.

**IT IS FURTHER ORDERED** that petitioner shall have **forty five days** from the date that he receives the answer to file a reply brief, if he so chooses.

                                         s/John Corbett O'Meara
                                         United States District Judge

Date: June 11, 2010

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, June 11, 2010, using the ECF system and/or ordinary mail.

                                         s/William Barkholz
                                         Case Manager